IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT HILL,

Plaintiff,

v.

OLIN CORPORATION,
MICHAEL L. ROARK,
and RICK KELLEY,

Defendants.                                    No. 07-cv-0054-DRH

MEMORANDUM and ORDER

HERNDON, District Judge:

This matter is before the Court on the motion for remand to state court brought by Plaintiff Robert Hill (Doc. 9). For the following reasons, the motion is GRANTED.

I. Introduction

This case arises from an accident that occurred on April 1, 2005, when Hill, as an employee of RCS Construction, Inc., ("RCS") was performing construction work at the Zone 17 plant in East Alton, Illinois, owned by Defendant Olin Corporation ("Olin"). Hill was injured when, while he was operating a crane owned by Olin to move equipment, material, and construction debris, a chain in the crane's lifting device fell, striking him. Hill filed suit against Olin and two employees of Olin, Defendants Michael L. Roark and Rick Kelley, in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on December 5, 2006, alleging

negligence under Illinois law.  On January 19, 2007, Olin timely removed the case to this court, asserting that federal subject matter jurisdiction is proper in this case in diversity jurisdiction because Roark and Kelley have been fraudulently joined to defeat diversity.  Hill in turn has moved for remand of the case to state court for lack of subject matter jurisdiction.  The motion for remand has been fully briefed and is ripe for decision.  Having reviewed carefully the submissions of the parties, the Court now is prepared to rule.

## II. __Discussion__

### A.    __Legal Standard__

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking removal has the burden of establishing federal jurisdiction.  *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Potter v. Janus Inv. Fund*, No. 06 CV 929 DRH, 06 CV 997 DRH, 2007 WL 1056676, at *2 (S.D. Ill. Apr. 6, 2007).  "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'  Put another way, there is a strong presumption in favor of remand."  *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  "All doubts about the propriety of removal are to be resolved in favor of remand."  *Ford v. Keck*,

No. 06-cv-667-DRH, 2007 WL 1022003, at *1 (S.D. Ill. Apr. 2, 2007). *See also*
*Disher v. Citigroup Global Mkts., Inc.*, Civil No. 04-308-GPM, 2007 WL 1231632,
at *7 (S.D. Ill. Apr. 24, 2007) (noting "the familiar principle" that "the exercise of
federal jurisdiction on removal is construed narrowly and doubts about the propriety
of the exercise of such jurisdiction are resolved against removal and in favor of state
court.").

Removal based on federal diversity jurisdiction requires, of course, that
the parties to a case be of completely diverse state citizenship, that is, no plaintiff
may be a citizen of the same state as any defendant, and that the amount in
controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. §
1332(a)(1); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Rubel v. Pfizer*
*Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Nicol v. Merck & Co.*, No. 06-926-GPM,
2006 WL 3804887, at *1 (S.D. Ill. Dec. 22, 2006). However, even where diversity of
citizenship is not complete, a federal court may disregard the citizenship of a
diversity-defeating defendant on removal when that defendant has been fraudulently
joined, that is, "there is no possibility that a plaintiff can state a cause of action
against [the] nondiverse defendant[ ] in state court, or where there has been outright
fraud in [the] plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*,
990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc.*
*v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck*
*& Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007); *McNichols v. Johnson &*
*Johnson*, 461 F. Supp. 2d 736, 739 (S.D. Ill. 2006). A defendant seeking removal

based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against a diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *2 (S.D. Ill. Apr. 25, 2006).

### B.   Existence of Diversity Jurisdiction

As an initial matter, before addressing the issue of whether, as Olin claims, Roark and Kelley have been fraudulently joined to defeat federal diversity jurisdiction, the Court examines whether certain other prerequisites for the exercise of diversity jurisdiction on removal are satisfied in this case. The Court notes first that Olin's notice of removal alleges as to Hill's citizenship for diversity purposes only that Hill "resid[es] in the State of Illinois" and thus, "upon information and belief," he is an Illinois citizen. Doc. 2 ¶ 8. In general, of course, a notice of removal "must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3733 (3d ed. 1998 & Supp. 2007) (collecting cases). This burden is not met by allegations of citizenship for diversity purposes based upon information and belief. *See Progressive Preferred Ins. Co. v. Bane of Cincinnati, Inc.*, No. 1:07-CV-29, 2007 WL 922234, at *1 (N.D. Ind. Mar. 26, 2007); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931, 931 (S.D. Ill.

2006).  Nor is this burden satisfied by allegations of a party's citizenship based upon that party's residence in a state rather than domicile in that state, *see America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992), a party's domicile being, of course, "the state where [the] party is physically present with an intent to remain there indefinitely." *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006).

On the other hand, the Court is entitled to consider the entire record in this case in evaluating the requirements for diversity jurisdiction. *See Gay v. Ruff*, 292 U.S. 25, 34 (1934); *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997); *Ford*, 2007 WL 1022003, at *4; *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *3 (S.D. Ill. Nov. 22, 2006).  In this instance, Hill's own jurisdictional submissions to the Court state affirmatively that he is an Illinois citizen and, of course, he has moved for remand of this case to state court on the grounds that, because both Roark and Kelley are Illinois citizens, diversity of citizenship is not complete in this case.  *See* Doc. 9 ¶¶ 5-7.  Thus, while the Court ordinarily would require Olin to amend its notice of removal to allege properly Hill's citizenship for diversity purposes, *see Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836-37 (S.D. Ill. 2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006), on the state of the record the Court sees no reason not to assume for purposes of the instant motion for remand that Hill in fact is an Illinois citizen.  *See Yanow v. Weyerhaeuser S.S. Co.*, 250 F.2d 74, 75 (9th Cir. 1958) (the court may take the appearance of a plaintiff in federal court and a motion by the

plaintiff for a jury trial as accepting as true the allegations in a notice of removal establishing diversity jurisdiction).  *See also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 947-49 (11th Cir. 2000) (calculations regarding the jurisdictional amount in controversy in a case removed to federal court in diversity offered by a defendant in a brief in opposition to a motion for remand established that the prerequisites for the exercise of diversity jurisdiction were met).[1]

Having determined that Hill's Illinois citizenship is adequately established on the record, the Court turns to the question of the amount in controversy.  The parties do not dispute that a sum in excess of $75,000, exclusive of interest and costs is in controversy here, and the allegations of Hill's complaint, though somewhat conclusory and boilerplate in nature, are sufficient to show by a preponderance of the evidence that this is the case.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).  Specifically, Hill alleges that the accident giving rise to this case caused him extensive personal injuries and that as a consequence he has suffered and will continue to suffer disability and pain and suffering.  *See* Doc. 2, Ex. A ¶ 6.  Hill alleges further that he has incurred and will continue to incur medical expenses and lost wages, and requests damages in excess

---

1.    It perhaps is worth noting that what Hill alleges is that, because he resides in Illinois, he is an Illinois citizen for diversity purposes.  *See* Doc. 9 ¶ 5.  Notwithstanding the defects in the allegations of Hill's citizenship in this case, however, the Court nonetheless sees no reason to require Olin to amend its notice of removal, given that, for the reasons discussed infra, the Court concludes that this case is due to be remanded to state court.  *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (noting numerous defects in the allegations of a notice of removal concerning the citizenship of various defendants for diversity purposes, but concluding that amendment of the notice of removal was unnecessary where the lack of diversity jurisdiction in the case was clear).

of $50,000.  *See id*.  The Court concludes that these uncontroverted allegations establish that the amount in controversy is met in this case.  *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (diversity jurisdiction was satisfied where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (diversity jurisdiction was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Fields v. Jay Henges Enters, Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at **4-5 (S.D. Ill. June 30, 2006) (diversity jurisdiction was satisfied where the plaintiff's complaint alleged "chronic, severe skin disease, pain and suffering, and past and future medical expenses and lost earnings," and was accompanied by an affidavit pursuant to Rule 222 of the Illinois Supreme Court Rules seeking damages in excess of $50,000).

The Court turns at last to the issue of fraudulent joinder.  As discussed, Hill, like Roark and Kelley, is a citizen of Illinois; Olin is a citizen of Virginia and

Missouri.  *See* 28 U.S.C. § 1332(c)(1).  Olin insists, however, that complete diversity

of citizenship exists in this case because Hill cannot establish a cause of action

against Roark and Kelley under Illinois law.  Olin asserts that Roark, who is Manager

of Regulatory Compliance and Loss Prevention at Olin's East Alton facility, and

Kelley, who is Senior Associate Engineer at the same facility and who was serving as

acting Construction Supervisor on the day Hill was injured, were not in control of

Hill's work at the time of the accident, and has submitted to the Court affidavits to

this effect.[2]  Hill in turn has submitted to the Court a letter from Roark to the

Occupational Safety and Health Administration dated May 3, 2005, offering a

professional opinion that the crane by which Hill was injured presents no safety

hazards.  *See* Doc. 9, Ex. B.  Hill also has submitted to the Court an affidavit stating

that on the day of the accident Kelley told him that he "would need to use Olin's

overhead crane" in order to remove steel grating at the construction site.  *Id*., Ex. A

¶ 5.

---

2.    To the extent Olin seems to argue that Roark and Kelley cannot be liable to Hill because they were acting in the course and scope of their employment at the time Hill's injury occurred, Olin is wrong, of course.  Under Illinois law, "[a] person is not absolved of personal liability to a third person on account of his negligence or other wrongful act merely because at the time he was acting as an employee within the scope of his employment."  *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *2 (S.D. Ill. June 6, 2006) (quoting 17 Illinois Law and Practice *Employment* § 256).  Olin obviously misapprehends the meaning of *Schwartz v. State Farm Mutual Automobile Insurance Co.*, 174 F.3d 875 (7th Cir. 1999).  *Schwartz* does not stand for the proposition, as Olin suggests, that an employee automatically is insulated from liability for wrongful acts committed in the course and scope of employment, and thus fraudulently joined in a suit for injury arising from those acts.  Rather, *Schwartz* reflects the settled rule that, in a suit for bad-faith denial of an insurance claim, because the suit arises from duties created by an insurance contract, an insurance agent, who is not a party to the contract, generally is not a proper party to such a suit.  *See id*. at 878-79.  *See also Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (in a suit on a fire insurance policy, holding that an insurer's agent was fraudulently joined because not a party to the contract).  Also, in this case, the liability of Roark and Kelley is not derivative of that of Olin; rather, the reverse is true.

The Court has emphasized quite frequently that the test of fraudulent joinder to defeat diversity is extremely lenient for plaintiffs, confined as it is to examining the legal sufficiency of a plaintiff's allegations against a diversity-defeating defendant in the manner of an inquiry on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The scope of the Court's inquiry [in ruling on a claim of fraudulent joinder] is extremely narrow, namely, to determine whether, after resolving all issues of fact and law in [a plaintiff's] favor, [the] [p]laintiff[ ] [has] stated a claim against [a non-diverse defendant] upon which relief can be granted in . . . state court." *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006). In evaluating a claim of fraudulent joinder, a court "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant . . . . Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no [fraudulent] joinder." *Riddle v. Merck & Co.*, Civil No. 06-172-GPM, 2006 WL 1064070, at *2 (S.D. Ill. Apr. 21, 2006) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Indeed, the inquiry on a claim of fraudulent joinder is even more lenient than the Rule 12(b)(6) inquiry because a federal court is required to interpret both law and fact in the light most favorable to a plaintiff. "[T]he test for fraudulent joinder . . . is a less searching test than the test under Rule 12(b)(6) . . . . In fact, a federal court may find that a nondiverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same nondiverse defendant, who

will then be dismissed from the suit." *Rutherford*, 428 F. Supp. 2d at 847 (quoting *Valentine v. Ford Motor Co.*, No. 2:03-CV-090-JDT-WGH, 2003 WL 23220758, at *4 (S.D. Ind. Nov. 21, 2003)). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 934 n.3 (S.D. Ill. 2006) (noting that a claim of fraudulent joinder to defeat diversity is an exceptionally poor place to assert novel theories of state law, in light of the requirement that, in evaluating a claim of fraudulent joinder, a court must construe both law and fact against removal and in favor of remand, together with the presumption that a federal court should be cautious, not innovative, in interpreting state law).

In this instance Olin does not seriously dispute that the allegations of Hill's complaint state a cause of action for negligence under Illinois law against both Roark and Kelley. Instead, the chief issue presented by Olin's claim of fraudulent joinder is whether the Court should "pierce the pleadings" and find that Roark and Kelley have been fraudulently joined on the basis of affidavits submitted in support of Olin's notice of removal and brief in opposition to Hill's motion for remand attesting to the non-diverse Defendants' lack of control over Hill's work on the day of the accident giving rise to this case. In a limited class of cases it is appropriate for a federal court to look past the pleadings in evaluating a claim of fraudulent joinder. To determine whether a non-diverse defendant has been fraudulently joined, "[i]n a few cases, in which a plaintiff has stated a claim but has misstated or omitted discrete facts, the district court may . . . pierce the pleadings and conduct a summary inquiry" as to the issue of fraudulent joinder. *Larroquette v. Cardinal*

*Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). "[I]n reviewing a [fraudulent joinder] question, we see no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal . . . . [such as] relevant matters that are properly subject to judicial notice." *In re Briscoe*, 448 F.3d 201, 220 (3d Cir. 2006). A district court's power to pierce the pleadings in evaluating a claim of fraudulent joinder is subject to a number of limitations, the most important of which is that the summary inquiry is not to become the occasion for pretrying a case on its merits. In general, of course, in ruling on a claim of fraudulent joinder, "[t]he Court['s] . . . role at this stage [is] to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an instate defendant . . . . not to ascertain the merits of [the] claim." *Martin v. Chubb Lloyds Ins. Co. of Tex.*, No. SA-04-CV-480, 2004 WL 2526425, at *4 (W.D. Tex. Oct. 21, 2004). Correspondingly, a court's power to look beyond the pleadings to assess fraudulent joinder "does not . . . license the court to engage in extensive fact finding" as to the merits of a plaintiff's claims against diversity-defeating parties. *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 525 n.4 (D. Md. 2002).

A sister court has explained well the limited scope of a district court's evaluation of evidence outside the pleadings in testing fraudulent joinder:

> "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . . We emphasize that any piercing of the pleadings should not entail substantial hearings . . . . Indeed, the inability to make the requisite decision in a summary manner itself

> points to an inability of the removing party to carry its burden." . . . . [A]
> Rule 12(b)(6)-type analysis provides the proper analytical paradigm [for
> resolving fraudulent joinder].   This Court will proceed beyond this
> analysis to "pierce the pleadings" only in . . . rare instances[.]

*LeBlanc v. Georgia-Pacific Corp.*, No. Civ.A. 04-2335, 2005 WL 1657131, at *2

(W.D. La. July 14, 2005) (quoting *Smallwood*, 385 F.3d at 573-74).  The decision

as to whether and to what extent a federal court should look past the pleadings in

evaluating fraudulent joinder is committed to the court's discretion, subject to the

understanding that piercing the pleadings is appropriate only in exceptional cases.

*See Mawer v. DaimlerChrysler Corp.*, C.A. No. C-06-154, 2006 WL 2405030, at *1

(S.D. Tex. Aug. 10, 2006).  Importantly, a court's power to pierce the pleadings does

not confer on a defendant a right to conduct discovery in support of a claim of

fraudulent joinder.  *See Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc.*,

157 F. Supp. 2d 1018, 1040-41 (N.D. Iowa 2001).  In fact, post-removal discovery

in support of a claim of fraudulent joinder is highly disfavored.  *See Smallwood*, 385

F.3d at 573-74 (stating that such discovery should be allowed in "few" cases and only

on "a tight judicial tether").  *See also Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814,

821 (N.D. Ill. 1998) (a defendant should conduct discovery in support of removal in

state court before removal, not after removal).  Equally importantly, the fact that a

court   may   in   its   discretion   pierce   the   pleadings   in   evaluating   a

claim of fraudulent joinder does not impose any burden of proof upon a plaintiff.

*See Arseneault v. Congoleum Corp.*, No. 01 Civ.10657(LMM), 2002 WL 472256, at

*2 (S.D.N.Y. Mar. 26, 2002).  At all times the burden of proving federal jurisdiction

remains squarely on a removing defendant.  *See id*. ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not . . . be relieved of [its] burden by any formal procedure."). Of paramount importance, of course, is that a court's inquiry outside the pleadings be closely restricted so as not to become an inquiry into the merits of a plaintiff's case.  A court is permitted to take only "a limited look outside the pleadings [that] does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits."  *In re Briscoe*, 448 F.3d at 220.

Although standards governing piercing the pleadings at times have been unclear, the jurisprudence of the Supreme Court of the United States provides important guidance.  The basic test of fraudulent joinder, of course, is whether "a resident defendant [has] no real connection with the controversy."  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  Correspondingly, a defendant seeking to remove can show fraudulent joinder through uncontroverted summary evidence showing that a non-diverse defendant has no connection to a case.  For example, in *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176 (1907), a plaintiff sued his employer, the National Enameling and Stamping Company ("National"), and a non-diverse co-employee, George Wettengel, for injury caused by a machine that allegedly was defectively designed.  *See id*. at 178-79.  National asserted that Wettengel was fraudulently joined and submitted in support of the claim uncontradicted affidavits by Wettengel and the chief engineer of the company showing that Wettengel was merely a draftsman with no responsibility for designing

the machine that caused the injury at issue in the case. *See id*. at 183-84. The Court said,

> In view of this testimony and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the Federal court.
>
> * * * *
>
> [T]he Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.

*Id*. at 185-86. *See also Wilson*, 257 U.S. at 94, 96-98 (in a suit for personal injuries by a plaintiff against his employer and a non-diverse co-employee, holding that the case was properly removed to federal court where the plaintiff failed to controvert allegations in a verified removal petition that the co-employee "was not present when the plaintiff's injuries were received, and did no act or deed which caused or contributed to such injuries"). *Cf. Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153-54 (1914) (in a suit against a railroad and two non-diverse employees of the railroad arising from an accident in which a pedestrian was killed by a train at a railroad crossing, holding that the railroad failed to show fraudulent joinder as to its employees where it produced no evidence that the employees were not operating the train at the time of the accident).

As this Court has recognized, piercing the pleadings is "a strictly circumscribed inquiry limited to uncontroverted summary evidence which

establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a plaintiff under applicable state law." *Rutherford*, 428 F. Supp. 2d at 848 (holding that the record did not show fraudulent joinder of a diversity-defeating pharmacist in a suit arising from personal injuries allegedly caused by the prescription drug Vioxx where the removing defendant presented no evidence that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient."). *See also Riddle*, 2006 WL 1064070, at *2 n.2. Put another way, "piercing must be limited to circumstances . . . where the Court [can] reach[ ] outside the pleadings to consider an affidavit that completely divorce[s] the challenged defendant from the allegations and [leaves] no doubt that the defendant was [fraudulently] joined." *Vogt v. Time Warner Entertainment Co., L.P.*, No. CIV. A. 01-905, 2001 WL 360058, at *1 (E.D. Pa. Apr. 3, 2001). *See also Bender v. American Gen. Life & Accident Ins. Co.*, 2:04 CV 398 F, 2005 WL 1221835, at *2 n.7 (M.D. Ala. May 23, 2005) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)) ("In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although . . . district courts may look beyond the face of the complaint, . . . the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). In sum, when considering evidence outside the pleadings in evaluating fraudulent joinder, a court must not "miss[ ] the fine distinction between considering summary judgment-type evidence (which the court can do) and making a summary judgment-type determination (which it

cannot)." *Peters v. AMR Corp.*, No. 95 C 588, 95 C 922, 95 C 678, 95 C 1417, 95 C 923, 95 C 1418, 1995 WL 358843, at *4 (N.D. Ill. June 13, 1995).

   The instant case plainly is not one in which piercing the pleadings is appropriate to resolve the issue of fraudulent joinder.  Federal authority is clear that only uncontroverted evidence showing unmistakably that a diversity-defeating defendant has absolutely no connection with the events giving rise to a case will establish fraudulent joinder.  *See Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992) (in a products liability action, fraudulent joinder was established by a diversity-defeating defendant's uncontradicted affidavit stating that he had nothing to do with the machine at issue).  *See also Bolden v. Brooks*, 138 Fed. Appx. 601, 603-04 (5th Cir. 2005) (non-diverse insurance agents were fraudulently joined in a bad-faith action where the agents were not parties to the insurance policy and the plaintiffs already had obtained a default judgment against the agents in state court); *Smallwood*, 385 F.3d at 574 n.12 (noting that fraudulent joinder can be shown by summary evidence that "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."); *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 481 (4th Cir. 2004) (holding that the plaintiff fraudulently joined non-diverse defendants against whom she already had won default judgments in a previous state suit); *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967) (holding that a non-diverse railway employee was

fraudulently joined where uncontroverted evidence showed that he had left the employ of the defendant railroad approximately fifteen months before the accident giving rise to the case occurred); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 84-85 (10th Cir. 1964) (holding, in a libel case by a football player against a non-resident magazine publisher and an in-state distributor, that the distributor was fraudulently joined where the Supreme Court of Oklahoma in a prior companion case by another Oklahoma football player for libel against the publisher and distributor held that the distributor was not liable); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958) (corporate officers were fraudulently joined where uncontradicted affidavits showed that they had nothing to do with the assembly and sale of an allegedly defective bicycle); *Rosas v. BB Holdings P'ship*, 362 F. Supp. 2d 986, 990 (S.D. Ill. 2005) (a non-diverse supervisory employee was fraudulently joined, because state law had held that only employers are proper party defendants in retaliatory-discharge actions); *McCafferty v. Raytheon, Inc.*, No. 03-CV-6729, 03-CV-6730, 03-CV-6731, 2004 WL 1858080, at *2 (E.D. Pa. 2004) (fraudulent joinder was established by uncontradicted evidence that a non-diverse defendant did not supply the engine crankshaft steel in a plane that crashed); *Veugeler v. General Motors Corp.*, No. 96 C 7278, 1997 WL 160749, at *3 (N.D. Ill. Apr. 2, 1997) (fraudulent joinder was established by uncontradicted affidavits attesting that a non-diverse defendant never manufactured allegedly defective airbags); *Beasley v. Goodyear Tire & Rubber Co.*, 835 F. Supp. 269, 270-71 (D.S.C. 1993) (an affidavit showing that a tire causing personal injury to the plaintiff was manufactured

in 1989 established that a non-diverse defendant, who allegedly sold the plaintiff the same tire in 1987, was fraudulently joined); *Bodine's, Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 49-50 (N.D. Ill. 1984) (insurance agents were fraudulently joined in an action for bad-faith denial of an insurance claim).

This case obviously is not one in which the issue of fraudulent joinder is "capable of summary determination and [can] be proven with complete certainty" through affidavits. *Dodd*, 329 F.2d at 85. Olin has not proffered evidence, for example, that Roark and Kelley were not employed by Olin at the time Hill was injured or that Roark and Kelley otherwise have simply no connection to the events giving rise to this case. Rather, Olin asks the Court to decide, based on conflicting affidavits, whether Roark and Kelley engaged in conduct that a jury could hold was negligence under Illinois law. This plainly is not an appropriate use of affidavits to resolve an issue of fraudulent joinder. *See Cincinnati Ins. Co. v. Production Design Prods., Inc.*, No. 06-CV-915 JPG, 2007 WL 1021975, at **5-6 (S.D. Ill. Apr. 3, 2007) (declining to resolve on the basis of affidavits the question of whether a non-diverse defendant was fraudulently joined because that defendant owed no duty of care to the plaintiff); *City of Philadelphia v. Hotels.com*, No. Civ.A. 05-4391, 2005 WL 2573146, at **3-4 (E.D. Pa. Oct 11, 2005) (declining to resolve on the basis of affidavits the question of whether a corporate defendant that defeated diversity engaged in transactions alleged to constitute consumer fraud); *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815-17 (N.D. Ill. 2003) (the issue of whether a non-diverse defendant made fraudulent misrepresentations could not

be decided on the basis of affidavits); *Lyall v. Airtran Airlines, Inc.*, 109 F. Supp. 2d 365, 367-73 & n.8 (E.D. Pa. 2000) (same); *Momans v. St. John's N.W. Military Acad., Inc.*, No. 99 C 8510, 2000 WL 33976543, at **3-4 (N.D. Ill. Apr. 20, 2000) (same); *Peters*, 1995 WL 358843, at **3-4 (in a strict products liability action, rejecting a claim of fraudulent joinder where the removing defendants' affidavits in support of the claim merely asserted that the product at issue had not been defectively designed); *County of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 797-98 (N.D. Ill. 1992) (remanding a case where affidavits created a factual dispute as to the potential liability of a diversity-defeating party). *See also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 n.14 (5th Cir. 1981) (identifying as questions unsuitable for summary resolution in deciding a claim of fraudulent joinder "disputed factual issues relate[d] to matters of substance rather than jurisdiction, e.g. did the tort occur? was there a privilege? was there a contract? etc.").

In fact, it is clear that Olin's allegations of fraudulent joinder in this instance are simply an invocation of the general rule that an employer of an independent contractor, in this instance Olin, as the employer of RCS, is not liable for the negligence of the independent contractor. *See generally* Restatement (Second) of Torts § 409 (1965); 41 Am. Jur. 2d *Independent Contractors* § 27 (1964 & Supp. 2007) (collecting cases). Of course, this rule is subject to a number of exceptions, *see Haufle v. Svoboda*, 416 N.W.2d 879, 880 (S.D. 1987); *Pacific Fire Ins. Co. v. Kenny Boiler & Mfg. Co.*, 277 N.W. 226, 228 (Minn. 1937), including one

for cases where an employer supplies to a contractor an allegedly defective tool, in this instance, a crane. *See* Restatement (Second) of Torts § 392 & cmt. e. *See also Zanzig v. H.P.M. Corp.*, 480 N.E.2d 1204, 1212 (Ill. App. Ct. 1985); *Fullard v. Urban Redevelopment Auth. of Pittsburgh*, 293 A.2d 118, 119-20 (Pa. Super. Ct. 1972). This Court adheres to the so-called "common defense" rule, which holds that "a case-dispositive defense that can be asserted by diverse and non-diverse defendants alike is not a proper basis for a claim of fraudulent joinder, given that such defense manifestly . . . goes . . . to the merits of the action as an entirety, and not to joinder." *Cincinnati Ins. Co.*, 2007 WL 1021975, at *6 (quoting *Bova*, 446 F. Supp. 2d at 935). Put another way, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 1002 (S.D. Ill. 2006) (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990)). *See also LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1048 (S.D. Ill. 2006); *Hardaway v. Merck & Co.*, Civil No. 06-465-GPM, 2006 WL 2349965, at *2 (S.D. Ill. Aug. 11, 2006); *Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *3 (S.D. Ill. May 4, 2006); *McNichols*, 461 F. Supp. 2d at 739-40 (citing *Smallwood*, 385 F.3d at 574); *Simmons v. Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 916-17 (S.D. Ill. 2004). "To show fraudulent joinder, defendants must show a flaw specific to the joinder of the non-diverse party, which

is the jurisdictionally relevant aspect of the claim." *Brooks*, 443 F. Supp. 2d at 1004

(quoting *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 475 (S.D.N.Y. 2000)).

Correspondingly, fraudulent joinder is not proved by "[a] showing [that] manifestly

[goes] to the merits of the action as an entirety, and not to the joinder; that is to say,

it indicate[s] that the plaintiff's case [is] ill founded as to all the defendants." *Id.* at

1001 (quoting *Cockrell*, 232 U.S. at 153) (emphasis omitted). *See also Cincinnati*

*Ins. Co.*, 2007 WL 1021975, at *6 (refusing to find fraudulent joinder on the basis

of a defense of the statute of limitations common to diverse and non-diverse

defendants alike); *Smith*, 472 F. Supp. 2d at 1098-99 (declining to find fraudulent

joinder as to a diversity-defeating defendant on the grounds of the learned

intermediary doctrine where the defense was common to a removing defendant as

well); *Nicol*, 2006 WL 3804887, at *2 (same); *Bova*, 446 F. Supp. 2d at 935-36

(refusing to find fraudulent joinder on the basis of a defense of the statute of

limitations common to diverse and non-diverse defendants alike); *Hauck*, 2006

WL 1596826, at **5-9 (refusing to find fraudulent joinder on the grounds that a non-

diverse employee of a diverse defendant had not been negligent).  In this instance,

Olin's allegations that Roark and Kelley are fraudulently joined because as a matter

of law they cannot be held liable for the negligence of Olin's contractor is simply an

assertion that Hill's case is ill founded as to all the defendants.  The Court concludes

that Olin has failed to carry its heavy burden to show fraudulent joinder as to Roark

and Kelley.  Because complete diversity of citizenship does not exist in this case, the

Court must remand the case to state court.

### III. **Conclusion**

Hill's motion for remand to state court (Doc. 9) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction. Hill's motion to stay discovery in this case (Doc. 15) is **DENIED as moot**.  The Clerk shall effectuate the remand of this case no earlier than the 25th of May, 2007.

**IT IS SO ORDERED.**

Signed this 14th day of May, 2007.

/s/      David   RHerndon
**United States District Judge**